Case 4:23-cv-02418   Document 1-4   Filed on 06/30/23 in TXSD   Page 1 of 19

6/26/2023 2:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 76962601
By: lakeisha williams
Filed: 6/26/2023 2:06 PM

CAUSE NO. 2023-22383

| | | |
|---|---|---|
| ALEJANDRO L. VAZQUEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER and DAVID F. | § | |
| JOHNSON, | § | 55TH JUDICIAL DISTRICT |
| *Defendants*. | | |

## DEFENDANTS' ORIGINAL ANSWER AND DEFENSES

The University of Texas Health Science Center ("UTHSC") and David F. Johnson, collectively ("Defendants"), respectfully file this Original Answer and Defenses in response to Plaintiff's Original Petition.

### I. GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants assert a general denial, and without waiving and subject to the affirmative defenses set forth herein, generally denies each and every allegation in Plaintiff's Original Petition, including the Prayer thereof, and any amended or supplemental Petition Plaintiff may subsequently file. Defendants demand that Plaintiff be required to prove such allegations by a preponderance of the credible evidence as required by law.

### II. AFFIRMATIVE AND OTHER DEFENSES

Pleading further, Defendants hereby assert the following affirmative defenses to the extent they may apply:

1.   Defendants assert their claim to the affirmative defense of sovereign immunity as to any claims for which there has been no statutory or other waiver and to which this affirmative defense applies.

2. Sovereign immunity from liability bars Plaintiff's recovery to such an extent that this affirmative defense may apply.

3. Defendant Johnson asserts he is entitled to qualified immunity.

4. Plaintiff fails to state a claim upon which relief can be granted.

5. Defendants' actions regarding Plaintiff would have been the same even in the absence of facts Plaintiff claims resulted in discrimination and retaliation

6. Defendants assert the affirmative defense of failure to exhaust administrative remedies for all claims to which it may apply.

7. Plaintiff failed to mitigate his alleged damages as required by law.

8. Any damages that Plaintiff may assert are subject to the applicable damage cap in Chapter 41 of the Texas Civil Practices and Remedies Code, the Texas Labor code, and all other applicable limitations (constitutional, statutory, and common-law) on awards of compensatory and punitive damages.

9. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or doctrine of laches, estoppel, and/or unclean hands. To the extent Plaintiff's claims are based on acts that occurred outside any applicable limitations period, the claims are time-barred.

10. To the extent that Plaintiff's claims or representations before any judicial or administrative body are inconsistent with the claims or representations that Plaintiff makes in this lawsuit, Plaintiff's claims are barred by the doctrine of judicial estoppel.

11. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's own acts or omissions caused or contributed to the alleged injuries.

12. To the extent that Plaintiff's claims exceed the scope of the charge of discrimination

Plaintiff filed with the Equal Employment Opportunity Commission and/or the Texas Workforce Commission, this Court lacks subject-matter jurisdiction over such claims or such claims are otherwise barred.

13. UTHSC denies that it took any action as the result of any unlawful motives. Pleading in the alternative, the same action(s) would have been taken for legitimate permissible reasons.

14. Plaintiff is not entitled to any damages because any adverse employment actions Plaintiff claims to have suffered; any adverse employment actions alleged in Plaintiff's Original Petition were justified by legitimate, nondiscriminatory reasons not associated with Plaintiff's membership in any protected class.

15. Any relief to which Plaintiff may be entitled is barred or otherwise affected by the after-acquired evidence doctrine.

16. UTHSC reserves the right to amend or supplement its answer and/or defenses as discovery progresses in this lawsuit.

### III.  PRAYER

Defendants respectfully request this Court to enter judgment for Defendants and against Plaintiff, to deny all relief requested by Plaintiff, to dismiss Plaintiff's claims with prejudice, to award Defendants their costs, and to grant Defendants such other relief to which Defendants are justly entitled.

Respectfully submitted.

**JOHN SCOTT**
Provisional Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Acting Deputy Attorney General

**KIMBERLY GDULA**
Deputy Chief, General Litigation Division

**RYAN KERCHER**
Deputy Chief, General Litigation Division

/s/ *Kirstin M. Erickson*
**KIRSTIN M. ERICKSON**
Texas Bar No. 24134194
Assistant Attorney General

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
(512) 463-2120
(512) 320-0667 FAX
kirstin.erickson@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2023, a true and correct copy of the foregoing instrument has been served electronically through the electronic-filing manager in compliance with Texas Rule of Civil Procedure 21a to all counsel of record.

/s/ *Kirstin M. Erickson*
**KIRSTIN M. ERICKSON**
Assistant Attorney General

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Quennette Rose on behalf of Kirstin Erickson
Bar No. 24134194
quennette.rose@oag.texas.gov
Envelope ID: 76962601
Filing Code Description: Answer/ Response / Waiver
Filing Description: 20230626_Answer Vasquez FINAL
Status as of 6/26/2023 2:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mauro Ramirez | | mauro@ramirezpllc.com | 6/26/2023 2:06:44 PM | SENT |
| Kirstin Erickson | | kirstin.erickson@oag.texas.gov | 6/26/2023 2:06:44 PM | SENT |
| Kirstin Erickson | | kirstin.erickson@oag.texas.gov | 6/26/2023 2:06:44 PM | SENT |
| Quennette Rose | | Quennette.Rose@oag.texas.gov | 6/26/2023 2:06:44 PM | SENT |
| Quennette Rose | | Quennette.Rose@oag.texas.gov | 6/26/2023 2:06:44 PM | SENT |

4/7/2023 5:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 74451334
By: Nelson Cuero
Filed: 4/10/2023 12:00 AM

2023-22383 / Court: 55

CAUSE NO: _____

| | | |
|---|---|---|
| **ALEJANDRO L. VAZQUEZ,** | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| **UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER and DAVID F. JOHNSON** | § § § § § | |
| *Defendants.* | § § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW ALEJANDRO L. VAZQUEZ and files this Original Petition complaining of UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER and DAVID F. JOHNSON.

### I. SUMMARY OF THE CASE

1. Alejandro L. Vazquez started working for University of Texas Health Science Center in September 2016 as a Building Superintendent. From the beginning of his employment through October 2021, Mr. Vazquez received positive evaluations and did not have any written counseling or disciplinary warnings. In October 2021, Mr. Vazquez informed his supervisor, David F. Johnson, of his need for surgery and plans to take medical leave. Shortly thereafter, Mr. Johnson issued a written reprimand for purportedly "rude" behavior. Mr. Vazquez went on medical leave, and based on delays in his recovery, extended his leave by requesting reasonable accommodations. Mr. Vazquez returned to work on May 23, 2022. On that same day, Mr. Johnson issued written discipline and effectively terminated Mr. Vazquez's employment.

2. As described in additional detail below, the circumstances related to Mr. Vazquez's employment and termination constitute violations under the Texas Labor Code, the Rehabilitation

1

Act of 1974, Title VII of the Civil Rights Act of 1964, and the Family and Medical Leave Act of 1993.

## II. DISCOVERY CONTROL PLAN

3.  Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure 190.3.

## III. PARTIES

4.  Plaintiff Alejandro L Vazquez is a resident of Harris County, Texas.

5.  Defendant University of Texas Health Science Center is a state and federally funded University in the State of Texas. Defendant may be served with process by serving Texas Attorney General, Ken Paxton, at the Office of the Attorney General, 300 W. 15th St., Austin, Texas 78701.

6.  Mr. Johnson is a resident of Harris County and can be served at his place of employment, University of Texas Health Science Center, 7000 Fannin, Ste. 2300, Houston, Texas, 77030.

## IV. JURISDICTION AND VENUE

7.  The amount in controversy is within the jurisdictional limits of this Court. In addition, the incident in question whereby Plaintiff was injured occurred in Harris County, Texas.

8.  Venue is proper in this Court because all of the events or omissions giving rise to the Plaintiff's claims occurred in Harris County, Texas and the unlawful employment practices alleged in this case occurred in Harris County, Texas.

## V. FACTS

9. Alejandro Vazquez ("Mr. Vazquez") worked at The University of Texas Health Science Center at Houston ("UT Health") as a Building Superintendent from September 2016 until his termination effective May 25, 2022.

10. Mr. Vazquez repeatedly received positive performance evaluations. In September 2021, Mr. Vazquez received an "exceptional" performance evaluation, noting that his "honesty, integrity, and work ethic are exceedingly strong."

11. In October 2021, Mr. Vazquez informed his supervisor, David F. Johnson, Director of Leasing and Property Management, about his need for surgery and plan to take leave under the Family and Medical Leave Act ("FMLA"). Up to that point, Mr. Vazquez had never taken a medical leave of absence. Indeed, based on pressure from Mr. Johnson, Mr. Vazquez had never taken a vacation. When he learned about the surgery, Mr. Johnson expressed concern regarding Mr. Vazquez's absence, as Mr. Vazquez was coordinating various large and ongoing construction projects.

12. A few weeks later, Mr. Johnson issued a written reprimand, dated November 10, 2021, for Mr. Vazquez's purported "rude behavior." Mr. Vazquez denied acting inappropriately. Mr. Vazquez had never been written up before.

13. On November 22, 2021, Mr. Vazquez had surgery to reconstruct his rotator cuff and bicep. During Mr. Vazquez's leave, Mr. Johnson contacted him on a few occasions asking about his return date. As early as January 2022, Mr. Johnson texted Mr. Vazquez, "When are you coming back to work?"

14. Mr. Vazquez exhausted his twelve weeks of FMLA leave about February 14, 2022. Mr. Vazquez, however, continued to have physical impairments that limited major life activities,

3

such as lifting, reaching, sleeping, and performing manual tasks.  Mr. Vazquez could not use his arm or engage in physical activities.  As a result, prior to his FMLA leave ending, Mr. Vazquez requested and received additional leave as a reasonable accommodation.

15. Mr. Vazquez was released to return to work on May 23, 2022, after approximately six-months of leave.

16. On the very first day Mr. Vazquez returned, Mr. Johnson presented a "Notice of Intent to take Disciplinary Action." Mr. Johnson claimed that a vendor had complained about Mr. Vazquez in December 2021 regarding events that had purportedly transpired in mid-November 2021.  Mr. Johnson further accused Mr. Vazquez of misrepresenting the vendor's concerns, which Mr. Vazquez denied.  Mr. Vazquez had no reason to hide information about the vendor, since Mr. Vazquez had consistently communicated to Mr. Johnson that the vendor was not doing a good job.

17. The following day, May 24, 2022, Mr. Vazquez attended a "Pre-Disciplinary Meeting," where he was terminated effective May 25, 2022.

18. In an effort to accelerate Mr. Vazquez's termination, UT Health overrode its policies.  In particular, after Mr. Vazquez received the "Notice of Intent to take Disciplinary Action," UT Health's policy states, "The employee shall be provided with an opportunity to respond to the statements in the Notice either verbally and/or in writing within a reasonable time before a final decision is made whether to take disciplinary action."  Mr. Vazquez should have been given the opportunity to respond at the Pre-Disciplinary Meeting on May 24, 2022.  Contrary to its policy, however, UT Health executed Mr. Vazquez's termination paperwork over 24 hours before the Pre-Disciplinary Meeting.

19. Earl Campbell, Maintenance Manager, engaged in unprofessional communications with vendors and other UT Health employees and managers.  Mr. Johnson did not take disciplinary

4

actions against Mr. Campbell. Rather, Mr. Campbell was promoted by Mr. Johnson during Mr. Vazquez's medical leave and remained employed.

## VI. CLAIMS

A. **CAUSES OF ACTION**: DISABILITY DISCRIMINATION AND RETALIATION AS PROHIBITED UNDER THE REHABILITATION ACT OF 1973 AND UNDER CHAPTER 21 OF THE TEXAS LABOR CODE (TEXAS COMMISSION ON HUMAN RIGHTS ACT).

20. Plaintiff incorporates by reference all the above facts.

21. Section 504 of the Rehabilitation Act prevents "discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794(a).

22. UT Health is a university receiving federal financial assistance. The receipt of funds is an express condition of a waiver of immunity that enables Mr. Vazquez to bring this suit. *See Miller v. Tex. Tech Univ. Health Sci. Ctr.*, 421 F.3d 342, 345 (5th Cir. 2005).

23. The Rehabilitation Act incorporates the standards of the American with Disabilities Act (ADA), prohibiting discrimination against a qualified individual with a disability. 29 U.S.C. § 794(a). This includes individuals who have a history of, or who are regarded as having a physical or mental impairment that substantially limits one or more major life activities. Further, like the ADA, the Rehabilitation Act prohibits retaliation against individuals who participate in protected activity. *See Cohen v. Univ. of Tex. Health Sci. Ctr.*, No. 13-40791, 7 (5th Cir. 2014).

24. Chapter 21 of the Texas Labor Code prohibits discrimination against qualified individuals based on their disability, which includes a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment. *See* Tex. Lab. Code Sec. 21.002(6). The Texas Labor Code also prohibits retaliation for opposing a discriminatory practice. *See* Tex. Lab. Code Sec. 21.051; 21.055.

5

25. On November 22, 2021, Mr. Vazquez had surgery to reconstruct his rotator cuff and bicep. Mr. Vazquez exhausted his twelve weeks of FMLA leave about February 14, 2022. Mr. Vazquez, however, continued to have physical impairments that limited major life activities, such as lifting, reaching, sleeping, and performing manual tasks. Mr. Vazquez could not use his arm or engage in physical activities. As a result, prior to his FMLA leave ending, Mr. Vazquez requested and received additional leave as a reasonable accommodation.

26. UT Health unlawfully terminated Mr. Vazquez from his job when he returned from medical leave. The reason provided by UT Health is a false, pretextual reason for Mr. Vazquez's termination.

27. UT Health's violations of the Rehabilitation Act and Chapter 21 of the Texas Labor Code damaged Mr. Vazquez. Mr. Vazquez seeks to recover all legal and equitable relief to which he is entitled because of UT Health's unlawful actions.

28. UT Health's actions were done with malice and reckless indifference and support an award of exemplary damages.

B.  **CAUSES OF ACTION**: RACE/NATIONAL ORIGIN DISCRIMINATION AS PROHIBITED UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND UNDER CHAPTER 21 OF THE TEXAS LABOR CODE (TEXAS COMMISSION ON HUMAN RIGHTS ACT).

29. Plaintiff incorporates by reference all the above facts.

30. Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment. UT Health is an employer under Title VII. 42 U.S.C. § 2000e(a)(d). Title VII expressly authorizes this suit, abrogating Eleventh Amendment immunity. Mr. Vazquez is an employee under Title VII. 42 U.S.C. § 2000e(f).

31. Chapter 21 of the Texas Labor Code prohibits discrimination in employment. *See* Tex. Lab. Code Sec. 21.051. Chapter 21 waives a governmental employer's immunity.

6

32. Mr. Vazquez belongs to protected classes under Title VII and Chapter 21, based on his race, color, and national origin (Mexican).

33. UT Health discriminated against Mr. Vazquez in violation of Title VII and Chapter 21 based on Mr. Vazquez's race, color, and national origin by treating him less favorably than employees outside of his protected classes and terminating Mr. Vazquez's employment. In particular, Mr. Campbell (White) engaged in unprofessional communications with vendors and other UT Health employees and managers. Mr. Johnson did not take disciplinary actions against Mr. Campbell, and Mr. Campbell remained employed with UT Health.

34. UT Health's violations of Title VII and the Texas Labor Code damaged Mr. Vazquez. Mr. Vazquez seeks to recover all legal and equitable relief to which he is entitled because of UT Health's unlawful actions.

35. UT Health's actions were done with malice and reckless indifference and support an award of exemplary damages.

C. **CAUSE OF ACTION: RETALIATION AS PROHIBITED UNDER THE FAMILY AND MEDICAL LEAVE ACT AGAINST DAVID F. JOHNSON.**

36. Plaintiff incorporates by reference all the above facts.

37. An employer is prohibited from discharging or in any way discriminating or retaliating against any person from exercising or attempting to exercise his rights under the Family and Medical Leave Act ("FMLA"). *See* 29 U.S.C. § 2615.

38. Mr. Johnson may be held liable as an "employer" which is defined as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(ii)(I) and 29 C.F.R. § 825.104(d).

7

39. Mr. Vazquez took leave protected under the FMLA. Mr. Johnson retaliated against Mr. Vazquez when he terminated his employment shortly after he returned from taking protected leave under the FMLA.

40. "The doctrine of sovereign immunity ... does not extend to individuals sued in their individual capacities. Accordingly, Plaintiff can bring a claim against [Defendant] in her individual capacity under the self-care provision of the FMLA." *Myles v. Univ. of Tex. Health Ctr.*, 2018 U.S. Dist. LEXIS at. 4, 2018 WL 387809 (W.D. Tex. - San Antonio 2018). Further, because Mr. Johnson was the individual that committed the retaliatory act of terminating Mr. Johnson, Mr. Vazquez may bring suit against that individual and the Eleventh Amendment does not prevent Mr. Vazquez from doing so. *Id.*; *see also*, *Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006).

41. Mr. Johnson's violations of the FMLA damaged Mr. Vazquez. Mr. Vazquez seeks to recover all legal and equitable relief to which he is entitled because of UT Health's unlawful actions.

42. Mr. Johnson's actions were done with malice and reckless indifference and support an award of exemplary damages.

## VII. CONDITIONS PRECEDENT

43. Mr. Vazquez submitted his signed and notarized Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission Civil Rights Division ("TWC") on August 24, 2022.

44. The EEOC's Notice of Right to Sue was issued on January 9, 2023. Mr. Vazquez files this lawsuit within ninety-days of receiving the Notice.

45.     This lawsuit is also being filed within the required time limits of Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act). *See* Tex. Lab. Code Sec. 21.201-.202, .208, .256. The above-referenced Charge of Discrimination was filed within 180-days of the actions being complained of in this lawsuit. This lawsuit is being filed less than two years after the Charge was filed with the TWC.

## VIII. JURY DEMAND

46.     Mr. Vazquez demands a trial by jury and tenders the appropriate fee.

## IX. PRAYER

Mr. Vazquez requests that the Court issue a citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

a. Actual damages including but not limited to pecuniary losses, non-pecuniary losses, back pay, and front pay;

b. Liquidated damages;

c. Emotional distress and other compensatory damages;

d. Punitive damages;

e. Attorney's fees and court costs;

f. Pre-judgment and post-judgment interest;

g. All other relief to which he is entitled.

Respectfully submitted,

/s/ *Mauro Ramirez*

_____

**MAURO RAMIREZ**
TX State Bar No. 24060460
**RAMIREZ LAW, PLLC**
1980 Post Oak Blvd.
Suite 100
Houston, TX 77056
P: (713) 955-3480
F: (281) 768-3610
E: mauro@ramirezpllc.com

*Attorney for Plaintiff, Alejandro L. Vazquez*

5/21/2023 3:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 75842687
By: Shelby Jaco
Filed: 5/22/2023 12:00 AM



**Mauro Ramirez**
1980 Post Oak Blvd
Suite 100
Houston, TX 77056
P: (713) 955-3480
F: (281) 768-3610
mauro@ramirezpllc.com

*Board Certified - Labor & Employment Law*
*Texas Board of Legal Specialization*

May 21, 2023

Harris County District Clerk
201 Caroline, Suite 420
Houston, Texas 77002

    Re:    *Vazquez v. UT Health, et al. | Case No. 2023-22383*

To Whom it May Concern:

    Plaintiff, Alejandro L. Vazquez, in the above-referenced matter requests the Issuance of Summons for Defendants, University of Texas Health Science Center and David F. Johnson. Enclosed please find the Requests for Issuance of Summons and associated fees.

    If you have any questions, please feel free to contact me at (713) 955-3480 or mauro@ramirezpllc.com.

    Regards,

    /s/ *Mauro Ramirez*

    Mauro Ramirez

5/21/2023 3:53:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 75842687
By: JACO, SHELBY C
Filed: 5/22/2023 12:00:00 AM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

CASE NUMBER: 2023-22383     CURRENT COURT: 55th

Name(s) of Documents to be served: PLAINTIFF'S ORIGINAL PETITION

FILE DATE: 04/07/2023   Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: David F. Johnson

Address of Service: 7000 Fannin Street

City, State & Zip: Houston, Texas 77030

Agent (if applicable): c/o Office of Legal Affairs, Melissa K. Pifko, Chief Legal Officer

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias   Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission/Texas Department of Transportation ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk (No Service Copy Fees Charged)
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by CONSTABLE
- [ ] CERTIFIED MAIL by DISTRICT CLERK

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- [ ] OTHER, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Mauro Ramirez   Bar # or ID: 24060460

Mailing Address: 1980 Post Oak Blvd. Ste. 100 Houston, Texas 77056

Phone Number: (713) 955-3480



5/21/2023 3:53:28 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 75842687
By: JACO, SHELBY C
Filed: 5/22/2023 12:00:00 AM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

CASE NUMBER: **2023-22383**     CURRENT COURT: **55th**

Name(s) of Documents to be served: **PLAINTIFF'S ORIGINAL PETITION**

FILE DATE: **04/07/2023**  Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: **University of Texas Health Science Center**
Address of Service: **7000 Fannin Street**
City, State & Zip: **Houston, Texas 77030**
Agent (if applicable): **c/o Office of Legal Affairs, Melissa K. Pifko, Chief Legal Officer**

TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias    Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission/Texas Department of Transportation ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** *(check one)*:
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk (No Service Copy Fees Charged)
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by CONSTABLE
- [ ] CERTIFIED MAIL by DISTRICT CLERK

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] OTHER, explain _____

Issuance of Service Requested By: Attorney/Party Name: **Mauro Ramirez**  Bar # or ID **24060460**
Mailing Address: **1980 Post Oak Blvd. Ste. 100 Houston, Texas 77056**
Phone Number: **(713) 955-3480**