Case 4:23-cv-02418   Document 18   Filed on 01/25/24 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
January 25, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEJANDRO L. VASQUEZ, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:23cv2418 |
| § | |
| UNIVERSITY OF TEXAS HEALTH § | |
| SCIENCE CENTER AND DAVID F. § | |
| JOHNSON, § | |
|    *Defendants*. § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

The Court's January 5, 2024 Memorandum and Recommendation (ECF 16) is VACATED and superseded by this Amended Memorandum and Recommendation. This Amended Memorandum and Recommendation makes minor changes in lines 1-14 on page eight. Defendant David F. Johnson's Objections to the January 5, 2024 Memorandum and Recommendation (ECF 17) remain pending without the need for refiling.

This employment dispute is before the Court on Defendants' Motion to Dismiss Plaintiff's Original Petition Pursuant to Federal Rule of Civil Procedure 12(c) and Brief in Support.[1] ECF 5. Defendants move to dismiss Plaintiff's FMLA

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 10.

retaliation claim against Defendant David F. Johnson based on qualified immunity and failure to state a claim and to dismiss all claims against Defendant University of Texas Health Science Center (UTHealth) for failure to state a claim. *Id.* After review of the Motion, the Court issued an Order advising UTHealth that it is the general policy of United States District Judge Sim Lake to allow only one dispositive motion per Defendant and giving UTHealth the opportunity to withdraw its pending Motion to Dismiss without prejudice to filing a future motion for summary judgment raising all of its arguments. ECF 13. In response, UTHealth filed a notice "that it intends to withdraw the Motion to Dismiss with leave to file a future motion for summary judgment."[2] ECF 14 at 2. Therefore, only the motion to dismiss Plaintiff's FMLA retaliation claim against Johnson remains pending before the Court. The Court RECOMMENDS that the Motion to dismiss Plaintiff's FMLA retaliation claim against Johnson be DENIED at this stage of the proceedings.

## I.     Background

Plaintiff worked for UTHealth as a Building Superintendent from September 2016 until his termination in May 2022. ECF 1-4 ¶ 9. In October 2021, he informed his supervisor, Defendant David F. Johnson, that he needed surgery and planned to take leave under the Family Medical Leave Act (FMLA). *Id.* ¶ 11. On November

---

[2] UTHealth moved "in the alternative" for an exception to Judge Lake's "one dispositive motion rule." ECF 14 at 3-4. The Court denied the alternative motion in a separate Order. ECF 15.

10, 2021, Johnson issued Plaintiff a written reprimand for "rude behavior," the first write up Plaintiff had ever received. *Id.* ¶ 12. On November 22, 2021, Plaintiff had rotator cuff surgery. *Id.* ¶ 13. During Plaintiff's leave, Johnson contacted Plaintiff "on a few occasions," including in January 2022, asking when Plaintiff was coming back to work. *Id.* Plaintiff's 12-week FMLA leave expired on or about February 14, 2022, but he "continued to have impairments that limited major life activities, such as lifting, reaching, sleeping, and performing manual tasks." *Id.* ¶ 14. Plaintiff requested and received additional leave "as a reasonable accommodation." *Id.*

Plaintiff returned to work on May 23, 2022. *Id.* ¶ 15. That same day, Johnson presented Plaintiff with a "Notice of Intent to Take Disciplinary Action" based on Plaintiff's "misrepresenting [a] vendor's concerns" in November 2021, prior to Plaintiff's leave. *Id.* ¶ 16. Plaintiff attended a "Pre-Disciplinary Meeting" on May 24, 2022 and was terminated effective May 25, 2022. *Id.* ¶ 17. Plaintiff contends that the disciplinary and termination procedure was contrary to UTHealth's policies. *Id.* ¶ 18. He also contends that a Maintenance Manager, Earl Campbell, engaged in unprofessional communications with vendors and was not disciplined, but instead was promoted during the period Plaintiff was on leave. *Id.* ¶ 19.

Plaintiff filed a charge of discrimination on August 24, 2022 and the EEOC issued a Notice of Right to Sue letter on January 9, 2023. *Id.* ¶ 44. Plaintiff filed an Original Petition in Texas state court on April 10, 2023 against UTHealth and

3

Johnson in his individual capacity. ECF 1-4 at 6. Plaintiff's Petition asserts causes of action against UTHealth for: (1) disability discrimination and retaliation in violation of the Rehabilitation Act of 1973 and Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act (TCHRA)); and (2) race/national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and TCHRA. Plaintiff's Petition asserts a claim against Johnson for FMLA retaliation. ECF 1-4 ¶¶ 29-42. Defendants filed an Original Answer in state court (ECF 1-4 at 1), and then removed the case to this federal court on the basis of federal question subject matter jurisdiction. ECF 1. Defendant filed the instant Motion on August 15, 2023 and the Court stayed discovery pending its ruling. ECF 5; ECF 9.

## II.   Rule 12(c) Legal standards

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." FED. R. CIV. PRO. 12(c). Rule 12(c) provides a mechanism for resolving cases in which the material facts are not in dispute and the court can render a judgment by looking only at the pleadings and judicially noticed facts. *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020). The standard for dismissal under Rule 12(c) is the same as the standard under Rule 12(b)(6). *Id.* Therefore, to survive a motion to dismiss under Rule 12(c), a complaint must contain sufficient factual allegations to state a claim that is plausible on its face. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.   Analysis

Plaintiff asserts a claim against David F. Johnson in his individual capacity for retaliation in violation of the FMLA. A plaintiff may assert an FMLA retaliation claim against an individual defendant. *See Modica v. Taylor*, 465 F.3d 174, 188 (5th Cir. 2006) (joining other courts "that hold that public employees are subject to individual liability under the FMLA"). However, as a government official, Johnson is entitled to the protection of qualified immunity for discretionary acts unless Plaintiff pleads specific facts that, if true, state a claim for violation of clearly established constitutional or statutory law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to

5

dismissal before the commencement of discovery."); *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021). When a government official raises the defense of qualified immunity in a motion to dismiss, the court must rule on the motion before permitting discovery. *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022). However, the district court is permitted to "defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Id.* (citiations omitted). When a defendant raises qualified immunity, the burden is on the plaintiff to overcome the defense. *Ramirez*, 3 F.4th at 133.

The qualified immunity analysis has two prongs, which may be analyzed in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Under the first prong, a court determines whether the Plaintiff has alleged a violation of a federal constitutional or statutory right. *Ramirez*, 3 F.4th at 133. Under the second prong, a court determines whether the federal constitutional or statutory right was clearly established at the time of defendant's conduct. *Id.* A right is clearly established if the contours of the right "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* Prong two encompasses the question of whether the official's conduct was "objectively reasonable." *Id.* At 133-34.

Plaintiff alleges that "Johnson retaliated against [Plaintiff] when he terminated [Plaintiff's] employment shortly after he returned from taking protected leave under

the FMLA." ECF 1-4 ¶ 39. The FMLA protects employees "from retaliation or discrimination for exercising their rights under the FMLA." *Murillo v. City of Granbury*, No. 22-11163, 2023 WL 6393191, at *3 (5th Cir. Oct. 2, 2023) (citing *Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 580 (5th Cir. 2006)). The elements of an FMLA retaliation claim are (1) the employee was protected under the FMLA; (2) the employee suffered an adverse employment action; and (3) the employee either was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he exercised an FMLA right. *Id.* A plaintiff may have a claim for FMLA retaliation for acts taken not only while on leave, but for acts taken after the employee's FMLA leave. *Id.*

Johnson argues that Plaintiff cannot overcome his qualified immunity defense because it has never been clearly established law that an employer cannot fire an employee "who misrepresented a vendor's concerns to the supervisor." ECF 5 at 14. However, Plaintiff does not concede that Johnson fired him because Plaintiff misrepresented a vendor's concerns. According to Plaintiff, the vendor misrepresentation excuse is merely pretext for unlawful retaliation. Johnson was terminated in May 2022. At that time, it had been clearly established for decades that an employer could not terminate an employee for taking FMLA leave. *See Bocalbos v. Nat'l W. Life Ins. Co.*, 162 F.3d 379, 383 (5th Cir. 1998) (setting forth the elements of a prima facie case of retaliatory discharge under the FMLA). It had

7

been established for over about 15 years that an individual supervisor can be liable for FMLA retaliation. *See Modica v. Taylor*, 465 F.3d 174, 188 (5th Cir. 2006) (joining other courts "that hold that public employees are subject to individual liability under the FMLA").

Plaintiff further alleges that Johnson did not follow the employer's policies and procedures in connection with Plaintiff's termination. ECF 1-4, ¶ 18. Further, Plaintiff alleges another maintenance worker was treated differently. *Id.* ¶ 19. In addition, Plaintiff alleges that his first reprimand from Johnson during the course of his employment occurred shortly after Plaintiff informed Johnson he would be taking leave. He alleges that Johnson called him during his leave to inquire when he would return to work, presented him with a disciplinary notice on May 23, 2022 (the same day he returned to work from FMLA leave), and at a meeting on May 24, 2022 terminated him effective May 25, 2022. *Id.* ¶¶ 15-17. Taken as true, these factual allegations lend circumstantial support to Plaintiff's FMLA retaliation claim. *See Murillo*, 2023 WL 6393191, at *3 (setting forth elements of prima facie case).

At this stage, the Court must accept Plaintiff's well-pleaded factual allegations as true. *Alexander*, 48 F.3d at 701. Thus, the Court concludes that Plaintiff has stated a claim for FMLA retaliation and has alleged that Johnson violated his clearly established rights under the FMLA. The Court finds that factual development is

necessary before Plaintiff's FMLA retaliation claim against Johnson can be dismissed based on qualified immunity.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Rule 12(c) Motion for judgment on the pleadings as to Plaintiff's FMLA retaliation claim against Johnson (ECF 5) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 25, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge