Case 4:23-cv-02418   Document 47   Filed on 05/13/25 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
May 13, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALEJANDRO L. VASQUEZ,<br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF TEXAS HEALTH<br>SCIENCE CENTER AND DAVID F.<br>JOHNSON,<br>*Defendants*. | § § § § § § § § § § § CIVIL ACTION NO.: 4:23cv2418 |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the Court on Defendants' Motion for Summary Judgment.[1] ECF 30. Having reviewed the parties' submissions, the Court recommends that Defendants' Motion for Summary Judgment be granted.

**I.   Background**

Plaintiff worked for the University of Texas Health Science Center (UTHealth) as a Building Superintendent at the Jesse Jones Library (JJL) from September 2016 until his termination in May 2022. ECF 30-1 at 46. His direct supervisor was Defendant David F. Johnson. *Id.* On November 10, 2021, Plaintiff informed Johnson that he was requesting leave under the Family Medical Leave Act

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 10.

(FMLA) because he needed to have surgery on his shoulder. That same day, Johnson notified UTHealth's FMLA Coordinator, Cynthia Collier. ECF 30-1 at 4, 7. Also on November 10, 2021, Johnson held a meeting with Plaintiff and Earl Campbell, the Maintenance Manager of the University Professional Building (UPB), to discuss Campbell's coverage of Plaintiff's duties during Plaintiff's FMLA leave. *Id.* at 65. Plaintiff admits that he had a disagreement with Campbell and walked out of the meeting. *Id.* at 66. On November 11, 2021, Johnson wrote Plaintiff up for "[f]ailure to cooperate with supervisors or co-workers, impairment of function of the work group, or disruptive or disorderly conduct." ECF 30-1 at 67; ECF 30-2 at 5-6. Johnson's reprimand states that at the November 10, 2021 meeting, Plaintiff was angry, yelled, stormed away, and slammed the door. *Id.*

On November 16, 2021, Tim Richards, President of JJL vendor Acme Architectural Hardware, sent Plaintiff the following email:

> After much consideration on my part, I have made the decision to cease all service work at your property. You have not been happy with the service we provide and have been very vocal about our lack of organization and ability to do the job correctly. Based on their negative experiences in past dealings with you, my technicians and my salesmen are hesitant to go to your facility for any future needs. At this point I feel it best if our relationship is supply of materials only.

ECF 38-1 at 133; ECF 30-1 at 69-70. Plaintiff admits he did not forward the email to Johnson but told Johnson that Acme had decided to no longer provide services to JJL. ECF 30-1 at 71. Johnson contends to the contrary that on November 18, 2022

2

Plaintiff misrepresented to him that Acme was no longer in the services business. *Id.* at 72; ECF 38-1 at 134. On November 22, 2021, Plaintiff's FMLA leave began. ECF 30-1 at 61; ECF 30-2 at 12. On December 15, 2021, while Plaintiff was on FMLA leave, Johnson spoke with Richards, the President of Acme, who forwarded to Johnson the November 16, 2021 email quoted above. ECF 38-1 at 133.

Plaintiff's FMLA leave expired in February 2022 and UTHealth provided him with ADA accommodations to extend his leave through May 20, 2022. ECF 30-2 at 17-22. During Plaintiff's leave, Plaintiff and Johnson exchanged text messages, but Johnson did not raise the issue of Acme's decision to discontinue services at JJL nor Plaintiff's misrepresentation to Johnson of the reason for Acme's decision. *See* ECF 30-2 at 25-34. Melissa Silva, UTHealth Employee Relations Advisor, told Johnson that as long as Plaintiff was on FMLA leave, their "hands were tied" and Johnson should wait until Plaintiff returned to work to get his side of the story before taking any action. ECF 38-1 at 138; ECF 38-1 at 153.

Plaintiff returned to work on May 23, 2022. ECF 30-1 at 68. On that same day, Plaintiff was presented with a "Notice of Intent to Take Disciplinary Action" based on Johnson's November 11, 2021 written reprimand and on Plaintiff's November 18, 2021 misrepresentation of the reason Acme would not do service work at JJL. ECF 30-2 at 2-3. Plaintiff attended a "Pre-Disciplinary Meeting" on May 24, 2022, and was terminated effective May 25, 2022. ECF 30-1 at 112-13.

Plaintiff filed a Complaint of race/color, national origin, disability, and FMLA discrimination with UTHealth HR-EO on May 31, 2022. ECF 30-2 at 43-49. After an investigation, the Office of Institutional Compliance (OIC) found "the greater weight of credible evidence and information supports the business justification documented for the reason for the termination." ECF 30-2 at 69-73. The OIC decision was upheld on appeal. ECF 30-2 at 87. Plaintiff filed an EEOC charge on August 24, 2022 alleging discrimination based on race, color, national origin, and disability as well as retaliation. ECF 30-2 at 109-10. The EEOC issued a Notice of Right to Sue letter on January 9, 2023 and Plaintiff filed an Original Petition in Texas state court on April 10, 2023. ECF 1-4 at 6-15.

Plaintiff's Original Petition asserts causes of action against UTHealth for: (1) disability discrimination and retaliation in violation of the Rehabilitation Act of 1973 and Chapter 21 of the Texas Labor Code (Texas Commission on Human Rights Act (TCHRA)); and (2) race/national origin discrimination in violation of Title VII of the Civil Rights Act of 1964 and TCHRA. *Id.* Plaintiff's Original Petition also asserts a claim against Johnson for FMLA retaliation. *Id.* Defendants have moved for summary judgment on all of Plaintiff's claims. ECF 30. In his Response to Defendants' Motion for Summary Judgment, Plaintiff voluntarily withdrew his claims for (1) disability retaliation under the Texas Labor Code and (2) race, color, and national origin discrimination and retaliation under Title VII. ECF 38 at n.1.

4

Plaintiff's remaining claims against UTHealth consist of a claim for disability discrimination under the Texas Labor Code and disability discrimination and retaliation under the Rehabilitation Act. Plaintiff's remaining claim against Johnson is for FMLA retaliation.

## II.  Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC*

*v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclus[ory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

The Court applies the *McDonnell Douglas* burden-shifting framework when analyzing motions for summary judgment in cases of discrimination based on circumstantial evidence. *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316–17. "To survive summary judgment under *McDonnell Douglas,* the plaintiff must first present evidence of a prima facie case of discrimination." *Id.* at 317 (citing *Patel v. Midland Mem'l Hosp. & Med. Ctr.*, 298 F.3d 333, 342 (5th Cir. 2002). If the plaintiff presents a prima facie case, the employer must then articulate a legitimate, nondiscriminatory reason for the underlying employment action. *Id.* If the employer can state a legitimate reason for its action, the inference of discrimination disappears, and the burden shifts back to the plaintiff to present evidence that the employer's proffered reason was merely pretextual. *Id.*

### III.  Analysis

### A. Plaintiff's Claims against UTHealth for disability discrimination and retaliation should be dismissed with prejudice.

Plaintiff asserts claims against UTHealth for disability discrimination in violation of TCHRA and § 504 of the Rehabilitation Act, and for disability retaliation in violation of § 504.[2] Plaintiff alleges that Defendant discriminated and retaliated against him by terminating his employment due to his shoulder injury and resulting surgery. Both the Rehabilitation Act and TCHRA prohibit discrimination against a qualified individual with a disability and both incorporate Americans with Disabilities Act (ADA) standards. 29 U.S.C. § 794(d); TEX. LAB. CODE § 21.001(3).

### 1.  Plaintiff cannot meet his prima facie burden.

Plaintiff's Rehabilitation Act and TCHRA claims are subject to the *McDonnell Douglas* burden-shifting framework. *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (Rehabilitation Act); *Penneti v. L&T Tech. Servs. Ltd.*, No. 3:21-CV-00525-E, 2023 WL 4673276, at *4 n. 2 (N.D. Tex. July 20, 2023) (TCHRA). A plaintiff establishes a prima facie case of discrimination under the Rehabilitation Act by showing that "(1) she is an 'individual with a disability'; (2) who is 'otherwise qualified'; (3) who worked for a 'program or activity receiving Federal financial assistance'; and (4) that she was discriminated against 'solely by reason of her or his

---

[2] Plaintiff's Response references § 503 of the Rehabilitation Act, but the Court construes this as an inadvertent error. *See* ECF 1-4 at 10 (asserting a claim under § 504 of the Rehabilitation Act).

disability.'" *Houston*, 17 F.4th at 585.  Under the TCHRA, a plaintiff must establish that "(1) [sh]e is disabled or is regarded as disabled; (2)[s]he is qualified for the job; (3)[s]he was subjected to an adverse employment action on account of h[er] disability; and (4)[s]he was replaced by or treated less favorably than non-disabled employees." *Gardea v. DialAmerica Mktg., Inc.*, No. EP-12-CV-158-KC, 2013 WL 1855794, at *10 (W.D. Tex. Apr. 30, 2013) (alterations in original, citations omitted). A plaintiff makes a prima facie case of disability retaliation by showing (1) engagement in protected activity, (2) an adverse employment action, and (3) a causal connection between the two. *January v. City of Huntsville*, 74 F.4th 646, 653 (5th Cir. 2023).

Plaintiff's Rehabilitation Act and TCHRA claims cannot survive summary judgment because he has failed to present *any* evidence to support the causation element of a prima facie case of discrimination or retaliation, *i.e.*, that he was terminated due to his disability or because he engaged in protected activity.

### 2. Plaintiff cannot meet his burden on pretext.

As in all cases governed by the *McDonnell Douglas* burden-shifting framework, if Plaintiff meets his prima facie burden, then Defendant has the burden to articulate a non-discriminatory reason for the employment action. *Davis*, 383 F.3d at 17.  Plaintiff then has the burden to show the Defendant's articulated reason is pretext for discrimination. *Id.*  To meet his ultimate summary judgment burden,

Plaintiff must present "substantial evidence" that Defendant's stated reason for his termination is not worthy of credence and is pretext for discrimination. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (explaining that "[e]vidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" and "[a]n explanation is false or unworthy of credence, and thus pretextual, if it is not the real reason for the adverse employment action." (citations omitted)).

    Here, even if could meet his prima facie burden, Plaintiff has failed to show that Defendant's stated reason for his termination—that he misrepresented to Johnson the reason Acme chose to stop providing services at JJL—is pretext for discrimination. According to Plaintiff's own testimony, he told Johnson before he went on leave that "due to the fact that I've been pushing these guys . . . they decide[d] not to do any more service calls to the building." ECF 30-1 at 71. However, Acme informed Plaintiff in the November 16, 2022 email that Acme technicians and salesmen were hesitant to go to JJL "[b]ased on their negative experiences in past dealings with [Plaintiff]," and therefore, Acme had decided to limit the relationship to one of materials supply only. Acme's decision was specific to Plaintiff's behavior and goes beyond the mere fact that Plaintiff had "been pushing these guys." ECF 38-1 at 133. Therefore, Plaintiff's own testimony supports Johnson's position that Plaintiff never disclosed the true basis for Acme's decision

9

and fails to demonstrate that Johnson's decision to terminate Plaintiff for that reason was pretext.

Plaintiff also argues that Johnson's decision to issue a written reprimand to him on November 11, 2022 was unwarranted and that Plaintiff was not given an opportunity to tell his side of the story before being terminated. ECF 38 at 15-24. Again, these arguments fail to demonstrate pretext. Plaintiff concedes he had a disagreement with Campbell and walked out of the November 10, 2021 meeting with Campbell and Johnson, telling Johnson to come to see him. ECF 30-1 at 65-67. In addition, Plaintiff's conclusory allegation that he was denied a chance to tell his side of the story contradicts his own testimony as well as the documentary evidence. *See* ECF 30-1 at 73 (testifying that in the May 23, 2022 disciplinary meeting he "explained the situation, and I don't know exactly what responsibility they want me to take on my own."); at 76 (stating that on May 23, 2022 he admitted that he did not forward Johnson the November 16, 2021 email and "told them that, based on all the communication that we had, I didn't feel the need to send every single email like I had all the time for five – five-and-a-half years or whatever."); ECF 30-1 at 112; ECF 30-2 at 3 (describing the May 23, 2022 meeting and informing Plaintiff that he was "entitled to a predisciplinary meeting at which time you will have the opportunity to refute the allegations against you before I make my final decision. The meeting will be held on May 24, 2022 at 2:00 p.m. via Conference Call.").

Further, Plaintiff appealed the termination decision and had a full opportunity to tell his side of the story in that process. ECF 30-2 at 81-83.

Plaintiff has failed to demonstrate that his termination for misrepresenting the reason for Acme's refusal to provide services to the JJL or the November 11, 2021 write up were pretext. Because Plaintiff has failed to carry his summary judgment burden to demonstrate pretext, his Rehabilitation Act and TCHRA claims against UTHealth should be dismissed with prejudice.

### B. Plaintiff's FMLA retaliation claim against Johnson should be dismissed with prejudice.

#### 1. FMLA Retaliation Standards

Plaintiff asserts a claim against Johnson in his individual capacity for retaliation in violation of the FMLA. The FMLA protects employees "from retaliation or discrimination for exercising their rights under the FMLA." *Murillo v. City of Granbury*, No. 22-11163, 2023 WL 6393191, at *3 (5th Cir. Oct. 2, 2023) (citing *Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 580 (5th Cir. 2006)). The familiar *McDonnell Douglas* burden-shifting framework applies to an FMLA retaliation claim. *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 582 (5th Cir. 2021).

The prima facie elements of a claim for FMLA retaliation are (1) the employee was protected under the FMLA; (2) the employee suffered an adverse employment action; and (3) the employee either was treated less favorably than an employee who

had not requested leave under the FMLA or the adverse decision was made because he exercised an FMLA right. *Id.* If a plaintiff establishes a prima facie case, the burden then shifts to the defendant to state a legitimate, non-discriminatory reason for the termination. *Id.* If the defendant meets this burden, the plaintiff must show that the defendant's stated reason is pretext for retaliation. *Id.* A plaintiff may assert an FMLA retaliation claim against an individual defendant. *See Modica v. Taylor*, 465 F.3d 174, 188 (5th Cir. 2006) (joining other courts "that hold that public employees are subject to individual liability under the FMLA"). Here, Plaintiff cannot overcome Johnson's qualified immunity and, even if he could, he cannot establish that Johnson's stated reason for terminating him is pretext for discrimination.

### 2. Qualified Immunity Standards

Johnson's decision to terminate Plaintiff was a discretionary act that falls within the scope of qualified immunity.[3] *See Harville v. Texas A & M Univ.*, 833 F. Supp. 2d 645, 655 (S.D. Tex. 2011) (holding individual defendants accused of retaliatory termination in violation of the FMLA were protected from suit by qualified immunity). Johnson is entitled to qualified immunity for discretionary acts unless Plaintiff pleads specific facts that, if true, state a claim for violation of clearly established constitutional or statutory law. *Mitchell v. Forsyth*, 472 U.S. 511, 526

---

[3] There is no dispute that the decision to terminate Plaintiff was a discretionary act.

(1985) (explaining that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."); *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021).  The Court previously denied Johnson's Motion to Dismiss Plaintiff's FMLA retaliation claim against Johnson because, "[t]aken as true, [Plaintiff's] factual allegations len[t] circumstantial support to Plaintiff's retaliation claim." ECF 18 at 8 (adopted by ECF 19).  Now the Court revisits Johnson's qualified immunity claim in light of the evidentiary record on summary judgment.

The qualified immunity analysis has two prongs, which may be analyzed in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Under the first prong, a court determines whether the Plaintiff has alleged a violation of a federal constitutional or statutory right. *Ramirez*, 3 F.4th at 133.  Under the second prong, a court determines whether the federal constitutional or statutory right was clearly established at the time of defendant's conduct. *Id.*  A right is clearly established if the contours of the right "are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*  Prong two encompasses the question of whether the official's conduct was "objectively reasonable." *Id.* At 133-34.

### 3. Plaintiff has not shown a violation of a federally protected right.

Plaintiff cannot overcome Johnson's qualified immunity because he has failed to create a genuine issue of material fact that Johnson violated his FMLA rights. As stated above, to succeed on a claim of FMLA retaliation, Plaintiff must show that he suffered an adverse employment action because he took FMLA leave. *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 582 (5th Cir. 2021). In an effort to meet this burden, Plaintiff argues (1) the temporal proximity of his termination to his FMLA leave and (2) his own perception that Johnson did not want him to take leave.[4] ECF 38 at 24-25. Neither argument has merit.

First, Plaintiff's *FMLA* leave expired in February 2022, but he was granted *ADA* accommodations for additional leave until May 2022.[5] ECF 30-2 at 18-22. There was an approximately three-month gap between the expiration of his FMLA leave and his termination. The Supreme Court, and the Fifth Circuit, have held that

---

[4] Plaintiff's Original Petition alleged that Defendant did not follow its own written policies before terminating Plaintiff. ECF 1-4 at 6-15. Plaintiff does not address this allegation in his summary judgment response and has abandoned it as evidence of pretext. In addition, Plaintiff testified that Earl Campbell is a similarly situated employee that did not take FMLA leave and was treated more favorably than Plaintiff. ECF 30-1 at 92. Plaintiff does not address this argument in his summary judgment response and has abandoned this argument as well. *See* ECF 38 at 24-25. To the extent Plaintiff may object that the treatment of Campbell is evidence of pretext, the objection fails because Campbell also took FMLA leave (ECF 31-1 (sealed)) and because he is not a similarly situated employee under Fifth Circuit standards. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (explaining that the comparator's circumstances must be "nearly identical.").
[5] Plaintiff has not brought an ADA retaliation claim in this case and the ADA does not provide for individual liability. *Thomas v. Carter*, No. 2:22-CV-00133, 2022 WL 16587238, at *8 (S.D. Tex. Oct. 4, 2022), *report and recommendation adopted*, No. 2:22-CV-00133, 2022 WL 16577873 (S.D. Tex. Oct. 31, 2022) (citing *Nottingham v. Richardson*, 499 F. App'x 368, 376 n.6 (5th Cir. 2012) (citing *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir.1999))).

temporal proximity may establish a prima facie case of retaliation if the FMLA leave and termination are "very close." *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 884 (5th Cir. 2020) (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001)). The Fifth Circuit has held that a 2.5 month gap between the leave and termination is not "very close" and standing alone will not establish causation. *Id.* at 885. Under Fifth Circuit case law, the three-month gap between the expiration of Plaintiff's FMLA leave and his termination is not sufficiently close in time to establish a case of prima facie retaliation.

Further, even if Plaintiff could demonstrate a prima facie case of retaliation based on temporal proximity, he has still failed to meet his summary judgment burden to present substantial evidence of pretext. *See Ramirez v. PHI Health, LLC*, No. 6:22-CV-00029, 2025 WL 83377, at *8 (S.D. Tex. Jan. 13, 2025) (recognizing that it is "relatively easy" to establish a prima facie case (citations omitted)); *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015) (substantial evidence of pretext is required on summary judgment); *January v. City of Huntsville*, 74 F.4th 646, 654 (5th Cir. 2023) (holding that "temporal proximity standing alone is insufficient to establish an issue of fact as to pretext after an employer has provided a non-retaliatory reason").

The uncontroverted evidence establishes that during the period Plaintiff was out on FMLA leave, Johnson learned of misfeasance that occurred prior to Plaintiff's

15

leave. ECF 38-1 at 134. Plaintiff was terminated due to that misfeasance as well as his prior written reprimand for unprofessional conduct. ECF 30-1 at 112-13. Plaintiff's own subjective belief that his FMLA leave was the real reason for his termination fails to create a fact issue as to pretext. *Williams v. Marietta*, 851 F. App'x 475, 478 (5th Cir. 2021) (holding that a plaintiff "cannot establish pretext solely by relying on [his] subjective belief that unlawful conduct occurred." (citation omitted)); *Harville v. Texas A & M Univ.*, 833 F. Supp. 2d 645, 658 (S.D. Tex. 2011) (granting summary judgment in favor of defendant where "the plaintiff . . . offered only her subjective belief that [her] termination recommendation was made in retaliation for her taking FMLA leave."). Plaintiff has presented no evidence that Johnson's stated reason for terminating him is false or that the real reason for his termination was retaliation. *See January*, 74 F.4th at 654 (discussing plaintiff's summary judgment burden to show pretext). Because Plaintiff cannot show that Johnson violated his FMLA rights, Johnson is protected by qualified immunity and is entitled to summary judgment in his favor on Plaintiff's FMLA retaliation claim.

## IV. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's claims be DISMISSED WITH PREJUDICE in their entirety.

The Clerk of the Court shall send copies of the memorandum and

recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 13, 2025, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge